UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────

KEITH RODRIGUEZ,

                          Petitioner,

        v.                                          9:21-CV-1193
                                                    (DNH/CFH)
THE PEOPLE OF THE STATE OF
NEW YORK,

                          Respondent.[1]

─────────────────────────────────────

APPEARANCES:                              OF COUNSEL:

KEITH RODRIGUEZ
Petitioner, pro se
15037
St. Lawrence County Correctional Facility
17 Commerce Lane
Canton, NY 13617

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

## I. **INTRODUCTION**

        Pro se petitioner Keith Rodriguez ("petitioner") seeks federal habeas relief pursuant to

28 U.S.C. § 2254.  Dkt. No. 1, Petition ("Pet.").  Petitioner also remitted the statutory filing fee

with his petition.  *See* Dkt. Entry for Pet. (indicating the receipt information for the filing fee

transaction).

─────────────────────────

        [1]  The proper respondent in a habeas action brought pursuant to 28 U.S.C. § 2254 is the superintendent of
the facility in which petitioner is incarcerated.  *See* Rule 2(a), Rules Governing Section 2254 Cases in the United
States District Courts & Advisory Notes.  Petitioner has incorrectly named "The People of the State of New York" as
respondent.  Instead, the Clerk is respectfully directed to update the docket sheet to reflect the sole respondent,
Sheriff Brooks Bigwarfe, Warden of the St. Lawrence County Corrections Center.

## II.  THE PETITION

The petition is difficult to decipher.  Petitioner asserts that he has "been unlawfully detained since May 6, 2021 and deprived of [his] freedom, liberty, and happiness without evidenc[e] prov[]ing [his] liability[.]"  Pet. at 2.  Petitioner also alleges that in August of 2021, he requested a detention hearing.  *Id.* at 4.  It seems that petitioner, despite his belief otherwise, was remanded per the People's motion.  *Id.* at 4-5.  Petitioner claims that he has "exhausted all remedies with the St. Lawrence County Court;" however, he also states that he has "never pled guilty or not guilty," before the court.  *Id*. at 7.  Therefore, it appears that petitioner's state court criminal action is still ongoing.

This assumption is further supported by the People's Affirmation in opposition to petitioner's motion for release on bail, dated August 19, 2021, wherein it explained that petitioner "faces . . . multiple Class A-1 and multiple Class B felonies arising from a lengthy investigation into the drug trafficking organization that the People allege he was in charge of." Because the People's papers indicated that petitioner was facing several felony charges in August 2021, it would stand to reason that, only a few months later, petitioner is still awaiting, or is undergoing, trial on those charges.

Petitioner also argues that on September 25, 2021, he was assaulted by a corrections officer in St. Lawrence County Correctional Facility.  Pet. at 5.  Petitioner attached various exhibits in support of those alleged assault claims to this petition.  Dkt. No. 1-1 at 20-31.

## III. DISCUSSION

It is unclear what grounds petitioner argues entitles him to federal habeas relief.

### A. Rule 2

Petitioner's papers do not comply with the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").  Habeas Rules 2(c)(1) and (2) require that a petition specify all grounds for relief available to the petitioner and the facts supporting each ground.  Although petitioner sets forth barebones assertions regarding the grounds of his petition, it otherwise contains no factual basis regarding the procedural history of his underlying criminal conviction or the basis for petitioner's alleged unlawful detention.  The Court will not speculate on the grounds, and supporting facts, being advanced by petitioner. Each ground he wants to raise in this proceeding, and the facts supporting each ground, must be set forth in the petition itself.

Thus, petitioner is given leave to file an amended petition within thirty (30) days of the filing date of this Decision and Order to clarify the factual basis underlying his criminal conviction and present claim.

### B. Exhaustion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1).  The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review.  28

3

U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[2]

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

Further, an application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(I), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with

---

[2] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D). None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).  In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

Here, petitioner failed to provide specific details about his underlying criminal conviction and direct appeal, like the date of his conviction and the date state court decisions challenging that conviction were issued.  Therefore, it is impossible to tell what actions have concluded, when they concluded, and whether the claims asserted therein have been fully exhausted.  Accordingly, the Court cannot determine whether petitioner's challenge is properly exhausted.

## C. *Younger* Doctrine

Petitioner contends that he has been unlawfully detained; therefore, it is reasonable to assume that petitioner seeks release from custody.  Pet. at 2.  While it is unclear what the status of petitioner's criminal action is, it seems that petitioner requests that this Court intervene in his pending state criminal matter and order his release from detention.  To the extent that is the case, the Court cannot grant petitioner the relief he seeks.  Accordingly, any motion to amend that petitioner submits would be denied as futile for the foregoing reasons.

"Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal district court must abstain from adjudicating claims seeking to dismiss or enjoin pending state criminal proceedings." *Griffin v. Warden of Otis Bantum Corr. Ctr.*, No. 1:20-CV-1707, 2020 WL 1158070, at *2 (S.D.N.Y. Mar. 10, 2020).   Accordingly, in the event there is a pending criminal matter, this Court must abstain. "If [petitioner] wishes to litigate the claims raised in this [petition] or raise

objections to the ongoing criminal proceedings, he should file the appropriate motion in the criminal action." *Thomas*, 2020 WL 2192716, at *2.  Furthermore, "if [petitioner] is not satisfied with the result, he may raise the issue on direct appeal," or in a proper habeas petition thereafter. *Id.*

Therefore, if petitioner's criminal action is still pending, he is directed to raise any of his concerns through the proper state court channels and then, subsequently, in a properly filed habeas petition after the completion of his direct appeal and any other collateral challenges which he may wish to make.

### D. Assault by a Corrections Officer

Petitioner is advised that concerns regarding his current conditions of confinement, namely the alleged assault by Corrections Officer Armstrong, should be addressed through the administrative channels at St. Lawrence County Correctional Facility and, if necessary, by means of a separately filed action pursuant to 42 U.S.C. § 1983.  The Clerk is respectfully requested to provide petitioner with a 42 U.S.C. section 1983 packet for his reference.

## IV. CONCLUSION

Therefore, it is

ORDERED that

1.  The Clerk is respectfully directed to update the caption to reflect the proper respondent;

2.  Petitioner may file an amended petition **within thirty (30) days** of the filing date of this Decision and Order.  The Clerk is directed to provide petitioner with a blank § 2254 habeas petition for this purpose;

3.  **Petitioner shall complete every part of the blank petition, including the**

**sections requiring him to state the name and location of the court that entered the challenged judgment(s), the date of the judgment(s), and, if applicable, the offense(s) for which he was convicted and the length of the sentence that was imposed. Petitioner must also state the date(s) upon which he filed any state court proceedings in which he challenged his conviction and clearly set forth the grounds raised in each application and the date(s) upon which the court(s) denied each application**;

4.  If petitioner is asking the Court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above.  If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so.  **Petitioner must specify all of the grounds upon which his federal petition is based, and the facts supporting each ground**, in the amended petition;

5.  Petitioner **shall not** incorporate any portion of his original papers into his amended petition by reference.  He must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Decision and Order.  Petitioner must also sign and date the petition; and

6.  If petitioner does not file an amended petition within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of the Court, Habeas Rule 4;

7.  Upon the filing of any amended petition, the Clerk shall forward the file in this matter to the Court for further review.  No answer to the petition will be required from the respondent until petitioner has submitted the amended petition, and the Court has had the

7

opportunity to review his arguments; and

8.  The Clerk shall serve (1) a copy of this Decision and Order and (2) a 42 U.S.C.

section 1983 packet on petitioner in accordance with the Court's Local Rules of Practice.

IT IS SO ORDERED.


Dated:  November 5, 2021
           Utica, New York.

_____
United States District Judge